UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEAN EMMANUEL RODRIGUEZ, | : | |
| Plaintiff, | : | Civ. No. 21-20280 (RBK) (SAK) |
| v. | : | |
| ATLANTIC COUNTY JUSTICE FACILITY, et al., | : | OPINION |
| Defendants. | : | |

| | | |
|---|---|---|
| JEAN EMMANUEL RODRIGUEZ, | : | |
| Plaintiff, | : | Civ. No. 21-20281 (RBK) (AMD) |
| v. | : | |
| UNITED STATES OF AMERICA, et al., | : | OPINION |
| Defendants. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Jean Emmanuel Rodriguez ("Plaintiff" or "Rodriguez"), is a pretrial detainee currently lodged at the Atlantic County Justice Facility in Mays Landing, New Jersey. He seeks to bring these two *pro se* civil rights cases pursuant to 42 U.S.C. § 1983. Previously, these two cases were administratively terminated as this Court denied Plaintiff's applications to proceed *in forma pauperis* without prejudice. More specifically, Plaintiff had three strikes under 28 U.S.C. § 1915(e) and was therefore prohibited from bringing this action because he failed to show that he was under imminent danger of serious physical injury. *See id.* § 1915(g). Plaintiff has refiled applications to proceed *in forma pauperis* in both actions such that the Clerk shall reopen these

two cases so that the applications can be analyzed. For the following reasons, Plaintiff's applications to proceed *in forma pauperis* are denied.

**II.      THREE STRIKES**

The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from bringing a civil action *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[1] Thus, if a prisoner has three or more dismissals under 28 U.S.C. § 1915(e), he cannot proceed unless he is in imminent danger of serious physical injury at the time he files the complaint. *See Goodson v. Kardashian*, 413 F. App'x 417, 419 n.2 (3d Cir. 2011) (per curiam (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)). The United States Supreme Court has further clarified that "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020) ("A strike-call under Section 1915(g) thus hinges exclusively on the basis for the dismissal, regardless of the decision's prejudicial effect.").

As this and other courts have noted, Plaintiff has at least three strikes. Indeed, Judge Bumb noted as follows:

> Plaintiff appears to have at least four strikes under this provision. Plaintiff acquired the[se] strikes in the following cases: *Rodriguez v. Sandson et al.*, [Docket No. 13-7055 (RMB)] (D.N.J. Dec. 12,

---

[1] "Pretrial detainees are [considered] "prisoners" for purposes of the PLRA." *Williams v. Delaware Cty. Bd. of Prison Inspectors*, 844 F. App'x 469, 474 (3d Cir. 2021) (citing 28 U.S.C. § 1915(h); *Kalinowski v. Bond,* 358 F.3d 978, 979 (7th Cir. 2004)).

> 2013) (ECF Nos. 2 and 3) (dismissing case with prejudice based on immunity and failure to state a claim); *Rodriguez v. Sandson et al.*,[Docket No. 13-7056 (RMB)] (D.N.J. Dec. 12, 2013) (ECF Nos. 2 and 3) (dismissing case with prejudice based on immunity and failure to state a claim); *Rodriguez v. Morse et al.*, [Docket No. 13-7057 (RMB)] (D.N.J. Dec. 12, 2013) (dismissing case with prejudice based on statute of limitations, immunity, and failure to state a claim); and *Rodriguez v. DeLury et al.*, [Docket No. 13-7058] (dismissing case with prejudice based on immunity).  In each of these cases, the time period for appeal has expired.

*Rodriguez v. State of New Jersey*, No. 15-6708, ECF No. 2 (D.N.J. Sept. 30, 2015); *see also Rodriguez v. Atlantic Cnty. Justice Facility*, Nos. 21-19710, 21-20280, 21-20281, 2021 WL 5905711, at *1-2 (D.N.J. Dec. 14, 2021).

  This Court previously determined that Plaintiff failed to show that he was in imminent danger of serious physical injury. *See id.* at *2. Indeed, this Court determined that Plaintiff's allegations related to COVID-19 were insufficient to show he is in imminent danger of serious physical injury. *See id.* The only new information Plaintiff includes in his recently filed applications to proceed *in forma pauperis* is that he is being housed in a unit with volatile inmates who are confrontational. To the extent that Plaintiff is relying on this argument to show imminent danger of serious physical injury to overcome the three strikes bar, this argument is conclusory and insufficient to show Plaintiff is in imminent danger of serious physical injury. *See, e.g.*, *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (noting courts deny leave to proceed *in forma pauperis* when a prisoner's claims of imminent danger are conclusory); *see also Pew v. Wetzel*, No. 20-668, 2020 WL 6330042, at *4-5 (M.D. Pa. Sept. 3, 2020), *report and recommendation adopted by*, 2020 WL 6321604 (M.D. Pa. Oct. 28, 2020) (citations omitted). Thus, Plaintiff's *in forma pauperis* applications will be denied.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's applications to proceed *in forma pauperis* are denied. Plaintiff has at least three strikes and has failed to show that he is in imminent danger of serious physical injury to overcome the three-strike bar set forth in 28 U.S.C. § 1915(g). Accordingly, these three actions are administratively terminated. Plaintiff may move to reopen any or both of these actions by paying the applicable $402 filing fee in each case he seeks to reopen within thirty (30) days. An appropriate order shall be filed in each of these two cases.

DATED:  January 18, 2022                                            s/ Robert B. Kugler
                                                                                        ROBERT B. KUGLER
                                                                                        United States District Judge